UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL B. FJERSTAD, | ) |
| Petitioner, | ) CASE NO. C08-274-RAJ-JPD |
| v. | ) |
| ROBERT PALMQUIST, *et al.*, | ) REPORT AND RECOMMENDATION |
| Respondents. | ) |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Michael Fjerstad is currently in custody at the Federal Detention Center at SeaTac, Washington ("FDC SeaTac"). He has submitted to this Court for review a petition for writ of mandamus under 28 U.S.C. § 1651 in which he asserts that the two named respondents have failed to comply with certain provisions of the Code of Federal Regulations and with certain Bureau of Prisons Program Statements relating to visitation. Petitioner names as respondents in this action Robert Palmquist, the warden of FDC SeaTac, and Susan Black, petitioner's counselor at FDC SeaTac.

Currently pending before the Court are the parties' cross-motions for summary judgment and petitioner's motion for an order to show cause. After careful consideration of the parties' motions, and the balance of the record, this Court concludes that respondents' motion for summary judgment should be granted, petitioner's cross-motion for summary judgment should be denied, petitioner's

REPORT AND RECOMMENDATION
PAGE - 1

1  motion for an order to show cause should be denied, and this action should be dismissed, without
2  prejudice, for failure to exhaust administrative remedies.

## DISCUSSION

Petitioner asserts in his petition for writ of mandamus that respondents failed to comply with certain provisions of the Code of Federal Regulations and with certain Bureau of Prisons Program Statements pertaining to the visitation privileges of inmates when they denied a request for visitation access submitted by Stacey Matthews, an individual with whom petitioner is involved in a common-law relationship. In his cross-motion for summary judgment, petitioner suggests that respondents also improperly denied requests for visitation access submitted by his former co-workers, Monique Shiels and Michelle Falkenhainer. Respondents argue in their motion papers that this action should be dismissed because petitioner failed to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). They argue, in the alternative, that this action should be dismissed because petitioner's claims fail as a matter of law.

### Exhaustion

Petitions for writ of mandamus that arise in the context of civil litigation must comply with the Prison Litigation Reform Act ("PLRA"). *See Martin v. United States*, 96 F.3d 853, 854 (7th Cir. 1996). The PLRA requires exhaustion of available administrative remedies for any suit challenging prison conditions. 42 U.S.C. § 1997e(a).

Section 1997e(a) requires *complete* exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002) ("All 'available' remedies must now be exhausted."); *Booth v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion. *Woodford v. Ngo*, 126 S. Ct. 2378, 2387 (2006). "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process. *See id*. at 2387-88. If administrative

REPORT AND RECOMMENDATION
PAGE - 2

remedies have not been exhausted at the time an action is brought, it must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)(per curiam).

The Bureau of Prisons has established an administrative remedy process through which federal prisoners may seek review of almost any aspect of their imprisonment. 28 C.F.R. § 542.10, *et seq.*. The BOP Administrative Remedy Program has four levels of review. First, a federal prisoner must attempt informal resolution with staff. § 542.13. If unsuccessful, a prisoner must next present his claim to the Warden of the institution where he is then incarcerated. *See* § 542.14. A prisoner who is dissatisfied with the response received from the Warden may appeal that decision to the appropriate Regional Director within twenty (20) days. § 542.15(a). An inmate who is dissatisfied with the response received from the Regional Director may appeal that decision to the General Counsel within thirty (30) days. *Id*. An appeal to the General Counsel is the final administrative appeal. *Id*.

Respondents assert in their motion for summary judgment that petitioner failed to exhaust his administrative remedies with respect to the claim asserted in his petitioner because he abandoned the administrative review process at its initial stage. In conjunction with their motion for summary judgment, respondents provided documentation demonstrating that while petitioner submitted an Inmate Request to Staff in which he challenged the denial of Ms. Matthews' request for visitation access, he did not seek any further review of the issue after his Inmate Request to Staff was denied. (*See* Dkt. No. 14, Exs. B and E.)

Petitioner asserts in his response to respondents' summary judgment motion that he was unable to complete the grievance process because respondent Black failed to reply to his informal resolution attempt. (Dkt. No. 15 at 1.) However, the documentation provided by petitioner in support of this assertion pertains only to the denial of visitation requests made by Ms. Shiels and Ms. Falkenhainer. (*See id*., Exs. A and B.) Petitioner has submitted nothing demonstrating that he exhausted his administrative remedies with respect to the denial of Ms. Matthews' request for visitation access or

REPORT AND RECOMMENDATION
PAGE - 3

that he was prevented from exhausting his administrative remedies with respect to that issue. Thus, petitioner's complaint regarding the denial of Ms. Matthews' request for visitation access has not been properly exhausted.

Petitioner likewise makes no showing that he has exhausted his administrative remedies with respect to his complaints regarding the denial of the visitation requests submitted by Ms. Shiels and Ms. Falkenhainer.[1] The documentation provided by petitioner in conjunction with his response to respondents' motion for summary judgment and his cross-motion for summary judgment includes a copy of an unsigned informal resolution attempt form dated December 23, 2007, and declarations from both petitioner and a fellow inmate, Charles Farnsworth, all of which are apparently intended to demonstrate that respondent Black failed to respond to petitioner's efforts to resolve his dispute regarding visitation by Ms. Shiels and Ms. Falkenhainer informally. Petitioner argues that because informal resolution is a mandatory part of the grievance process, respondent Black's failure to respond to his informal grievance made complete exhaustion impossible.

Respondent Black has submitted a declaration in which she denies ever having received the informal resolution attempt dated December 23, 2007, from petitioner or ever failing to respond to any of petitioner's attempts to informally resolve grievances. (Dkt. No. 23 at 2-3.) However, the dispute over whether or not respondent Black responded to any attempt by petitioner to informally resolve the issue regarding visitation by Ms. Shiels and Ms. Falkenhainer is not one which needs to be resolved by this Court.

---

[1] Arguably, petitioner's complaints pertaining to Ms. Shiels and Ms. Falknehainer are not properly before the Court because they were raised for the first time in petitioner's cross-motion for summary judgment. However, respondents have had an opportunity to respond to those claims and the Court will therefore address them.

REPORT AND RECOMMENDATION
PAGE - 4

Even assuming that what petitioner alleges his true, petitioner provides no support for the proposition that any such actions by respondent Black would have precluded him from completing the formal administrative review process. And, in fact, petitioner has provided the Court with documentation which suggests to the contrary. Among the papers submitted by petitioner is a Bureau of Prisons Program Statement, dated 8/6/2002, which contains the following statement regarding informal resolution:

> The Warden is responsible for ensuring that effective informal resolution procedures are in place and that good faith attempts at informal resolution are made in an orderly and timely manner by both inmates and staff. *These procedures may not operate to limit inmate access to formal filing of a Request*.

(Dkt. No. 27-2 at 23 (emphasis added).)

This language strongly suggests that deficiencies in the informal resolution process will not be allowed to hinder an inmate's ability to seek resolution of his or her grievances through the formal administrative review process. It further suggests that any failure by staff to make a good faith attempt at informal resolution is an issue which is properly brought to the attention of the Warden. Petitioner offers no reasonable explanation for his failure to pursue his grievance further.

This Court concludes, based on the entirety of the record before it, that petitioner has not exhausted all available administrative remedies with respect to the claims asserted in this action. Petitioner's contention that he was precluded from exhausting his remedies by the actions of respondent Black is not supported by the record. Accordingly, this action should be dismissed, without prejudice, for failure to exhaust administrative remedies.[2]

## Motion for Order to Show Cause

Petitioner's motion for an order to show cause arises out of the dispute, referenced above, concerning the authenticity of the informal resolution request dated December 23, 2007, which was

---

[2] As this Court concludes that petitioner has not fully exhausted his administrative remedies, the Court need not address respondents' remaining arguments.

REPORT AND RECOMMENDATION
PAGE - 5

1  submitted by petitioner in this action, and respondent Black's alleged failure to take any action with

2  respect to that request. Petitioner asserts that after he submitted that document to the Court,

3  respondent Black and Bureau of Prisons attorney Margaret Ogden met with him at FDC SeaTac and

4  informed him that making false accusations against a staff member was an infractable offense which

5  could result in institutional sanctions. (*See* Dkt. no. 27 at 1-2.) Petitioner asserts that he was further

6  informed that he could face federal perjury charges. (*Id*.) Petitioner construes the actions of

7  respondent Black and Ms. Ogden as an attempt to unlawfully influence the judicial process in this

8  action and he argues that they should be held in contempt of court.

9        As explained above, the dispute concerning the December 23, 2007, informal resolution

10 request has no impact on this Court's conclusion that petitioner has not properly exhausted his

11 administrative remedies. This Court therefore concludes that the issues raised by petitioner in his

12 motion for an order to show cause warrant no further discussion here. If petitioner believes that

13 respondent Black, and others, have retaliated against him in some fashion as a result of his efforts to

14 litigate this action, he may file a separate lawsuit asserting such claims.

15       As petitioner's motion for an order to show cause raises issues which are not relevant to the

16 ultimate disposition of this action, the motion should be denied.

17 //

18 //

19 //

20 //

21 //

22 //

23 //

24 //

25

26 REPORT AND RECOMMENDATION
PAGE - 6

## CONCLUSION

For the reasons set forth above, this Court recommends that respondents' motion for summary judgment be granted, that petitioner's cross-motion for summary judgment be denied, that petitioner's motion for an order to show cause be denied, and that this action be dismissed, without prejudice, for failure to exhaust administrative remedies. A proposed order accompanies this Report and Recommendation.

DATED this 3rd day of July, 2008.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge